Colin M. Stephens
Nick K. Brooke
STEPHENS BROOKE, P.C.
315 W. Pine
Missoula, MT 59802
Phone: (406) 721-0300
colin@stephensbrooke.com

*Attorney for Defendant*

In the United States District Court
For the District of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>DUSTIN LOY HUNT,<br><br>Defendant. | Cause No. CR 26-9-M-DWM<br><br>Brief in Support of Defendant's Opposed Motion to Dismiss Indictment |

<u>Brief in Support</u>

*I. Introduction*

Mr. Hunt has filed an opposed motion to dismiss the Indictment in this matter pursuant to *Fed. R. Crim. P. 12(b)(3)(B)*. Specifically, dismissal is necessary because of a defect in the Indictment: it fails to state an offense. *Id. at (b)(3)(B)(v)*.

## *II. Argument*

The Grand Jury issued an indictment against Mr. Hunt alleging one count of Abusive Sexual Contact, in violation of *18 U.S.C. § 2244(a)(2)*. (Dkt. 2). The indictment alleges Mr. Hunt "knowingly attempted to engage in sexual contact, specifically slid his hand up Jane Doe's outer thigh and under her shorts toward her buttocks." (Id. at 2). As the offense against Mr. Hunt includes an element of "sexual contact," the term warrants analysis in light of the allegations and the applicable law.

"Sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, *inner thigh*, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *18 U.S.C. § 2246(3)* (emphasis added). A plain reading of the statute demonstrates the intentional touching of the outer thigh does not constitute "sexual contact."

Mr. Hunt's motion to dismiss is capable of determination by this Court because it "involves questions of law rather than fact." *United*

*States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017). In ruling on Mr. Hunt's motion, the Court is bound by the four corners of the charging document. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

Also guiding the Court's analysis is the word "attempt" in the Indictment. Even in a light most favorable to the government, the four corners of the Indictment allege that Mr. Hunt attempted to commit the abusive sexual contact of Jane Doe. The intent is supported by the alleged overt act of sliding his hand up Ms. Doe's outer thigh and under her shorts toward her buttocks. According to the government and the grand jury, this set of facts support a finding that probable cause exists that Mr. Hunt committed the offense of Abusive Sexual Contact in violation of *18 U.S.C. 2244(a)(2)*.

In support of this Motion to dismiss, Mr. Hunt points the Court to the Commentary found in the Ninth Circuit's Model Criminal Jury Instructions regarding the offense of Abusive Sexual Contact. Specifically, Model Instruction 20.16 addresses "Abusive Sexual Contact – General (18 U.S.C. § 2244(a))." The last sentence of the Commentary demonstrates why dismissal is appropriate here: "Section

2244 does not make it a crime to attempt sexual contact."

Because the alleged overt act (touching the outer thigh) is not, itself, sexual contact, and because it is not alleged Mr. Hunt actually touched Ms. Doe's buttocks, and because Section 2244(a) does not make it a crime to attempt sexual contact, the four corners of the Indictment do not state an offense under any reading of the law.

## Conclusion

Therefore, because the Indictment fails to state an offense recognized under United States law, Mr. Hunt respectfully moves this Court to dismiss the Indictment.

Respectfully submitted this 21st day of May, 2026.

/s/ Colin M. Stephens
Colin M. Stephens
STEPHENS BROOKE, P.C.
Attorney for Mr. Hunt